MUTUAL SAFETY FIRE INSURANCE COMPANY *vs.* ARNOI D W. WOODWARD & another.

If a judgment debtor who has been arrested on an execution in favor of the "Mutual Safety Fire Insurance Company" is brought before a magistrate and desires to have a time fixed for his examination, and enters into a recognizance to the creditors which is erroneously entered of record as running to the "Mutual Life and Fire Insurance Co.," and the magistrate afterwards issues a notice of the time and place fixed for the examination to the creditors, under the same mistaken name, and the notice is sent in a letter to the creditors' attorney, who acknowledges the receipt of it as a notice to the creditors, they cannot object, in an action upon the recognizance, that the notice was insufficient by reason of the mistake, or that it was not duly served.

CONTRACT upon a recognizance, taken under Gen. Sts. *c.* 124, § 17, originally running to the Mutual Life and Fire Insurance Company, with condition that the defendant Woodward, who had been arrested on an execution in their favor, and desired to take the oath for the relief of poor debtors, should appear at a time and place named, which had been appointed for his examination, and submit himself to such examination.

At the trial in the superior court, without a jury, it appeared that Woodward was arrested on an execution in favor of the plaintiffs, and taken before a magistrate, who took the above recognizance, and afterwards issued a notice describing the plaintiffs by the same mistaken name, in which a time and place were named at which Woodward desired to take the oath for the relief of poor debtors, and delivered it for service to an officer who sent it in a letter to the person who then acted as the creditors' attorney, who acknowledged the receipt of it in a letter to the officer as follows : " Circumstances are such that it is doubtful whether I shall be present at the hearing of A. W. Woodward, arrested on execution in favor of the Mutual Safety

Fire Insurance Company. And even if I should be present, it would probably make but little difference in the result, as I doubt not the examination will be conducted in a fair and impartial manner." After examination the oath was administered to Woodward ; and, after the commencement of this action, the plaintiffs' said attorney informed the magistrate of the error in the recognizance, and requested him to correct his record, which was accordingly done.

Upon these facts, judgment was rendered for the defendants, and the plaintiffs appealed to this court.

*S. G. Nash,* for the plaintiffs.

*T. Wentworth,* for the defendants.

Dewey, J. Waiving the consideration of the question whether, upon the facts stated as to the actual appearance of the party before a magistrate and the taking of the oath, there would be any breach of the recognizance, and whether, in the absence of any special requirement to that effect in the recognizance, it was incumbent upon the debtor to give notice to the creditor, in order to comply with its stipulation, it seems to the court that enough was done to perform that duty, and to estop the creditor from avoiding the discharge for want of proper notice of the time and place of appearing before the magistrate. It is true that the notice was directed to the " Mutual Life and Fire Insurance Company," whereas the true name of the creditors was the " Mutual Safety Fire Insurance Company." But this corresponded with the form of the recognizance actually taken by the magistrate, which is made the subject of the present action. The same error was made by the magistrate in drafting the notice as in the recognizance. It is only by an amended statement of the recognizance, made after the action was instituted, that the recognizance is made to differ from the notice, in the name of the creditors. The notice in this form was sent in a letter to the attorney of the creditor by the arresting officer in due season, and the receipt acknowledged by a letter from the attorney of the creditors, and the terms of the letter thus sent to the officer show notice duly received of the proposed examination of the debtor.

Under the circumstances of this case, the plaintiffs cannot object properly to the form of the notice, and the mode of the service was assented to by the attorney by his letter to the offi cer whose duty it was to serve the same.

*Judgment for the defendants.*